IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HERBERT LOPEZ, ) | |
| ID # 01824978, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-3856-N (BH) |
| ) | |
| LORIE DAVIS,[1] Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**I. BACKGROUND**

On May 2, 2011, the State indicted Herbert Lopez (Petitioner) for aggravated sexual assault of a child in Cause No. F11-53754. (Doc. 7-5 at 11.)[2] He pleaded not guilty and was tried before a jury in the 363rd Judicial District Court of Dallas County, Texas, on October 30-31, 2012. The jury found him guilty of aggravated sexual assault of child by intentionally and knowingly causing the contact and penetration of the sexual organ of a child younger than six years of age and who was not then the spouse of Petitioner, by his sexual organ. *See Lopez v. State*, 05-12-01531-CR, 2014 WL 296001 at *1 (Tex. App. – Dallas Jan. 27, 2014); (*see also* doc. 7-5 at 49.) On October 31, it sentenced him to life imprisonment. (*Id.*) The judgment was affirmed on appeal on January 27,

---

[1] Lorie Davis succeeded William Stephens as Director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Under Rule 25(d) of the Federal Rules of Civil Procedure, she "is automatically substituted as a party."

[2] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2014. *Lopez*, 2014 WL 296001. His petition for discretionary review was refused on June 11, 2014. *Lopez v. State*, No. PD-269-14 (Tex. Crim. App. June 11, 2014).

Petitioner's state habeas application, signed on September 20, 2014, was received by the state court on September 26, 2014. (Doc. 7-20 at 4, 20.) The state habeas court issued findings of fact and conclusions of law on October 22, 2014. (Doc. 7-20 at 75-77.) On November 26, 2014, the Texas Court of Criminal Appeals denied the application on the findings of the trial court without written order. (Doc. 7-19); *see Ex parte Lopez*, No. WR-82,381-01 (Tex. Crim. App. Nov. 26, 2014).

Petitioner's habeas petition, signed on November 25, 2015, challenges his conviction on two grounds:

(1) The trial court failed to provide an adequate competency determination;

(2) Appellate counsel was ineffective for failing to raise a claim about the lack of a competency evaluation and determination.

(Doc. 3 at 6-8.) Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division (Respondent), filed a response on March 23, 2016. (Doc. 8.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court

2

> proceedings unless the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th

Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. COMPETENCY

Petitioner contends that despite the trial court's order that he be evaluated for competency to stand trial, he was not evaluated, and his competency was not determined.

Due process requires that a criminal defendant be competent to stand trial before he is prosecuted. *Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996). "[T]he Constitution does not permit trial of an individual who lacks 'mental competency.'" *Indiana v. Edwards*, 554 U.S. 164, 170 (2008). A person lacks mental competency if "he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense." *Drope v. Missouri*, 420 U.S. 162, 171 (1975). A trial judge must hold a competency hearing "[w]here the evidence raises a 'bona fide doubt' as to a defendant's competence to stand trial." Pate v. Robinson, 383 U.S. 375, 385, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). *Dusky v. United States*, 362 U.S. 402, 402 (1960); *see also* Tex. Code Crim. Proc. art. 46B.003. A habeas petitioner who complains about the trial court's failure to hold a competency hearing has the burden of showing that "objective facts known to the trial court were sufficient to raise a bona fide doubt as to his competency." *Enriquez v. Procunier*, 752 F.2d 111, 113 (5th Cir. 1984). To obtain relief, he must show that there are "sufficient facts to positively, unequivocally and clearly generate a real,

4

substantial and legitimate doubt as to the mental capacity of the petitioner to meaningfully participate and cooperate with counsel during trial." *Moody v. Johnson*, 139 F.3d 477, 481 (5th Cir. 1998).

Petitioner raised this claim in his state habeas application. The habeas court found that the trial court ordered a competency examination on October 8, 2012. (*See* doc. 7-20 at 75; *see also* 7-5 at 34.) The habeas court took judicial notice of the competency report found on the online docket system, which had been prepared by Dr. Mark Pittman based on his examination of Petitioner for fifty minutes on October 11, 2012, and reflected his finding that Petitioner was competent. (*See* doc. 7-20 at 75.) He had billed the court for his services. (*See id.* at 74, 75-76.)

Petitioner has not shown that there was a basis to doubt his competency such that a competency hearing was necessary. He also has not shown that he was incompetent. He has not shown that the state court's rejection of this claim was unreasonable.

### IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

Petitioner contends that appellate counsel rendered ineffective assistance for failing to raise an issue about the lack of a competency evaluation and determination.

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced him. *Id.* at 687. Whether appellate counsel has been ineffective is also

5

determined by using the standard enunciated in *Strickland*, and the movant must show a reasonable probability that he would have prevailed on his appeal but for counsel's deficient representation. *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

To render effective assistance of counsel, appellate counsel need not raise every non-frivolous issue on appeal. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462–63 (footnote and citations omitted). To determine whether appellate counsel was deficient, courts must consider whether the challenge "would have been sufficiently meritorious such that [counsel] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

As discussed, the state habeas court found that Petitioner was evaluated for competency, and the competency report found that he was competent. The court also found that counsel was not ineffective for failing to argue the competency issue, which lacked support. (*See* doc. 7-20 at 76.) Petitioner has not shown that the state court's rejection of this claim was unreasonable.

## V. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown he is entitled to an evidentiary hearing.

## VI.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2254 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 18th day of December, 2017.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE